# United States District Court, Northern District of Illinois

JS-10

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1704 | **DATE** | 2/27/2001 |
| **CASE TITLE** | HYATT INTERNATL. CORP., et al vs. GERARDO COCO, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants Gerardo Coco, A.T.E. Holdings, Ltd., and A.T.E. Italia, S.r.l. are not subject to personal jurisdiction in Illinois. Therefore, defendants' motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 2 8 2001 | |
| | Notified counsel by telephone. | date docketed | 31 |
| ✓ | Docketing to mail notices. | C.S. | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | 01 FEB 27 PM 5:13 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

| | |
|---|---|
| HYATT INTERNATIONAL CORPORATION and HYATT INTERNATIONAL (MILAN) CO.<br><br>Plaintiffs,<br><br>v.<br><br>GERARDO COCO, A.T.E. HOLDINGS, LTD. and A.T.E. ITALIA, S.r.l.<br><br>Defendants. | No. 00 C 1704<br>Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Hyatt International Corporation and Hyatt International (Milan) Co., (collectively referred to as "Hyatt"), have filed a one count complaint against Gerardo Coco, A.T.E. Holdings, Ltd. and A.T.E. Italia, S.r.l., (collectively referred to as "defendants"). In its complaint, Hyatt is seeking a declaratory judgement asking this court to declare that defendants are not entitled to any broker's commission or fee of any type from Hyatt in connection with the purchase of certain land by Hyatt in Milan, Italy. Defendants have moved to dismiss Hyatt's complaint on the basis of <u>forum non convenience</u> and lack of personal jurisdiction. For the reasons provided in this Memorandum Opinion and Order, defendants' motion is granted.

# Facts[1]

Hyatt is a Delaware corporation with its principal place of business in Chicago, Illinois. Defendant Coco is a resident of Italy and is a director and employee of both A.T.E. Holdings, Ltd. and A.T.E. Italia, S.r.l., (collectively referred to as "ATE"). A.T.E. Holdings, Ltd. is a business organized under the laws of England, with its principal place of business in London, England. A.T.E. Italia, S.r.l. is a business organized under the laws of Italy, with its principal place of business in Milan, Italy.

At all relevant times, Defendant Coco was acting in his capacity as an agent and representative of ATE. On or about May 6, 1999, ATE delivered to Michael Evanoff, Vice President of Development for Hyatt International Corporation, at Evanoff's office in Chicago, information pertaining to a possible hotel real estate development in Via Tomasso Grossi, Milan, Italy. ATE delivered the information to Evanoff in an attempt to ascertain whether Hyatt would be interested in participating in the purchase and development of the real estate.

At that time, ATE, acting through Coco, represented to Evanoff that it was acting as an agent for Newpenny Property, Ltd., which had the contractual option to purchase and develop the real estate from its current owner, Societa Immobiliare Assago, S.p.A., whose subsidiary company, Immobiliare 92 S.r.l., owned the real estate. ATE told Evanoff that ATE would act as the real estate project developer, or as the co-developer with Newpenny, and that ATE would contribute up to 20% of the equity required to purchase the real estate. Coco did not in any way state or imply that ATE was asking for or expecting any type of broker's fee or commission from Hyatt if Hyatt decided to invest or otherwise participate with Newpenny in the Milan real estate development.

---

[1]The relevant facts set forth herein are taken from Hyatt's's Complaint.

Following up on the information ATE had sent to his Chicago office, Evanoff met with Coco in London in mid-May, 1999. During their meeting, and on several occasions after their meeting[2], Coco reiterated that ATE was a developer and was not in the business of acting as a broker or finder.

Although Newpenny and Hyatt informally agreed to form a joint venture to purchase and develop the Milan real estate, ultimately Newpenny was unable to meet its funding obligations. In fact, Newpenny agreed that it would no longer pursue any interest in the real estate development, and allowed its option to purchase the real estate from Societa Immobiliare Assago S.p.A. to lapse.

Subsequently, on or about September 28, 1999, Hyatt, without any participation or assistance from Newpenny or ATE, reached its own agreement with Societa Immobiliare Assago S.p.A. to purchase the stock of Immobiliare 92 S.r.l., and thus acquire the Milan real estate. Some time shortly thereafter, defendants demanded payment of a finders fee and threatened suit to enforce payment. After several months without the defendants filing suit, Hyatt filed the instant action. We have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## Discussion

In its one count complaint, Hyatt seeks a declaratory judgment asking us to declare that defendants are not entitled to any broker's commission or fee of any type from Hyatt in connection with the acquisition of certain property by Hyatt in Milan, Italy. Defendants argue in its motion to dismiss that we should dismiss Hyatt's complaint on the basis of <u>forum non conveniens</u> or lack of personal jurisdiction over the defendants.

---

[2] Coco reiterated this fact on several occasions: by facsimile sent on approximately May 18, 1999, and again by facsimile on approximately May 25, 1999, in Evanoff's Chicago office on June 24, 1999, and by facsimile on approximately June 28, 1999.

-3-

**Personal jurisdiction**

The plaintiff bears the burden of demonstrating personal jurisdiction. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). However, plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record. Nelson by Carson v. Park Indus., Inc., 717 F.2d 1120, 1123 (7th Cir. 1983). Because this is a diversity suit, we have personal jurisdiction over the defendants only if an Illinois state court would have such jurisdiction. Fed. R. Civ. P. 4(e); FMC Corp. v. Varanos, 892 F.2d 1308, 1310 (7th Cir. 1990). The Illinois long-arm statute determines when an Illinois court has personal jurisdiction over non-resident defendants. 735 ILL. COMP. STAT. 5/2-209. If we find defendants' conduct falls under one of the subsections of the long-arm statute, then we must determine whether the exercise of personal jurisdiction over the defendants comports with due process. Adden v. J.D. Middlebrooks, 688 F.2d 1147, 1155 (7th Cir. 1982).

Hyatt argues that the defendants are subject to personal jurisdiction under 735 ILL. COMP. STAT. 2-209(a)(1). Subsection (a)(1) states that any person who transacts business within the State submits himself to the jurisdiction of the courts of Illinois, so long as the cause of action arises from that transaction. Id. A single act may be sufficient to satisfy the transaction of business standard. Snyder v. Smith, 736 F.2d 409, 416 (7th Cir. 1984) (rev'd on other grounds).

Subsection (a)(1) contains a two part test: the defendant has to transact business in Illinois, and the cause of action has to arise from that transaction. 735 ILL. COMP. STAT. 5/2-209(a)(1). Hyatt alleges that defendants transacted business in Illinois in the following ways: by initiating discussions with Mr. Evanoff concerning the real estate development project by sending a facsimile to him at Hyatt's Chicago headquarters; by sending several follow up facsimiles to the Chicago office; by

telephoning Evanoff at the Chicago office to further negotiate the terms of the project; and by visiting Evanoff in Chicago to further negotiate the terms of the project. Hyatt asserts that in several of these communications Coco stated and reiterated that he was not expecting any fee of any type in connection with the property in Milan, Italy. The cause of action Hyatt is seeking is a declaratory judgement asking this court to find that the defendants are not entitled to any broker's commission or fee of any type from Hyatt. Therefore, Hyatt argues, because Coco agreed on several occasions during his transaction of business in Illinois that he was not seeking a finders fee, then subsequently demanded a fee, this cause of action arose from defendants transactions in Illinois.

For purposes of this motion, defendants concede that they never agreed or expected any fee from any business conducted in Illinois, be it the initial correspondence, Coco's meeting in Chicago, or the several faxes that were sent prior to July of 1999. Contrary to Hyatt's position, defendants' allege that the transaction of business which gave rise to the lawsuit occurred in July of 1999 at a meeting in Milan, Italy. In that meeting, Hyatt expressed its desire to develop the property on its own because Newpenny could not come up with the necessary financing. As a result of Newpenny's exit, the defendants were no longer needed to develop the property. However, defendants argue that in lieu of ATE having a role in the development, Hyatt orally agreed to pay defendants a finders fee. Because Hyatt has refused to honor the oral agreement which was formed in Italy, defendants argue that it was the transaction of business in Italy, and not Illinois, which gave rise to this cause of action.

In its surreply, Hyatt argues that we should ignore defendants' allegations that an oral agreement to pay a finders fee was made in July of 1999 because the complaint filed by defendants in Italy does not contain such an allegation. In addition, a letter sent by defendants' counsel to Evanoff in September of 1999 does not make reference to the oral agreement in July of 1999. We

-5-

decline to follow Hyatt's advise. We find it interesting that Hyatt had the chance to deny the existence of the oral agreement to pay defendants a finders fee in its surreply, and instead chose to attack defendants' Italian complaint and a letter demanding payment of a finders fee. In other words, Hyatt's surreply fails to sufficiently conflict with defendants' allegations concerning the oral agreement made in Milan in July of 1999. Therefore, because the transaction of business which gave rise to this cause of action took place in Italy, and not Illinois, we dismiss Hyatt's complaint.

This conclusion presupposes that it matters whether the oral agreement to pay a finders fee between Evanoff and Coco ever took place. Even assuming that Hyatt never orally agreed to pay a finders fee, we would still not be able to exercise personal jurisdiction over the defendants. By its own admission, Hyatt asserts that this cause of action arose from events that occurred after Hyatt chose to purchase and develop the property itself, which was after defendants transacted business in Illinois. In addition, and both parties agree, there was no expectation of a fee until Hyatt informed defendants _in Italy_ that it was going to buy the property all by itself. It is inconsequential whether the catalyst for defendants' suit to recover a finders fee from Hyatt was an oral contract formed in Italy in July of 1999, or simply by operation of Italian law. Regardless, the cause of action arose from the transaction of business in Italy, not Illinois. As a result, we do not have personal jurisdiction over the defendants and, therefore, Hyatt's complaint is dismissed without prejudice.

## Conclusion

For the reasons stated above, defendants Gerardo Coco, A.T.E. Holdings, Ltd., and A.T.E. Italia, S.r.l. are not subject to personal jurisdiction in Illinois. Therefore, defendants motion to dismiss is granted.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: 2/27/01