# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1704 | **DATE** | 11/6/2003 |
| **CASE TITLE** | Hyatt International Corp., et al vs. Gerardo Coco, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: there is no genuine issue of material fact and plaintiffs are entitled to judgment as a matter of law on their claim for declaratory relief. Plaintiffs' motion for summary judgment is, therefore, granted. The Court hereby enters judgment declaring that plaintiffs are not obligated to pay defendants any commission, fee or other compensation for any service defendants claim to have performed for them in connection with plaintiffs' failed attempt to purchase the Via Tomasso Grossi property with Newpenny Properties, Ltd. or their subsequent successful purchase of that property for their own account.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 7 2003 | |
| | Notified counsel by telephone. | | date docketed | 56 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYATT INTERNATIONAL CORPORATION<br>and HYATT INTERNATIONAL (MILAN)<br>COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>GERARDO COCO, A.T.E. HOLDINGS, LTD.<br>and A.T.E. ITALIA, S.r.l.,<br><br>    Defendants. | No. 00 C 1704<br>Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Hyatt International Corporation and Hyatt International (Milan) Company have filed a declaratory judgment action seeking a determination that they are not liable to defendants for a commission or fee in connection with a real estate purchase in Milan, Italy. The case is before the Court on plaintiffs' Federal Rule of Civil Procedure 56(c) motion for summary judgment. For the reasons set forth below, the motion is granted

### Preliminary Statement

Though they were given more than ample opportunity to do so, defendants filed no response to plaintiffs' motion. That does not necessarily mean that plaintiffs will prevail, but it makes their task considerably easier. By operation of Local Rule 56.1, defendants' failure to submit a statement controverting plaintiffs' statement of assertedly uncontested material facts means that they are deemed

to have admitted them. Our task, then, is simply to determine whether the law entitles plaintiffs to judgment given the facts as plaintiffs portray them.

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

## Facts

Hyatt International Corporation and Hyatt International (Milan) Company (collectively, "Hyatt") are Delaware corporations based in Chicago that operate and manage hotels worldwide. (Pls.' LR 56.1(a)(3) Stmt. ¶ 1.) Gerardo Coco is a resident and citizen of Italy and is the acting director, employee, and agent of A.T.E. Holdings, Ltd., an English company, and A.T.E. Italia, S.r.l., an Italian company (collectively, "A.T.E."). (Id. ¶ 2.)

In early 1999, Newpenny Properties, Ltd. obtained a time-limited option to purchase real estate known as the Via Tomasso Grossi in Milan, Italy. (Id. ¶ 4.) Newpenny retained A.T.E., through Coco, to find investors who would be willing to purchase and develop the property with Newpenny. (Id.)

In May 1999, Coco faxed a letter to Michael Evanoff, then vice president of development for Hyatt, asking whether Hyatt wanted to invest in or co-develop the property or manage it after it was developed. (Id. ¶ 5.) Evanoff agreed to discuss the project with Coco over dinner the following week in London. (Id. ¶ 6.)

At that dinner, Coco said that he, through A.T.E., was acting as an agent for Newpenny. (Id.) Coco did not say or imply that he or A.T.E. expected any fee or commission from Hyatt. (Id.) In fact, he explicitly stated that neither was seeking any compensation from Hyatt. (Id.) Moreover, at no time during that dinner did Evanoff agree or promise to pay any compensation to Coco or A.T.E. (Id.)

When Evanoff returned to Chicago, he faxed Coco a letter expressing Hyatt's interest in the project. (Id. ¶ 7.)

On May 25, 1999, Coco faxed a letter to Evanoff, which said that Newpenny had asked A.T.E. to assist in directing the project and that A.T.E. would assume the role of co-developer. (Id. ¶ 8.) The letter said nothing about defendants' expectation of a fee. (Id.)

On June 24, 1999, Coco visited Evanoff in Chicago. (Id. ¶ 9.) The two men discussed the structure of the project and the participation of other parties. (Id.) Once again, Coco said neither he nor A.T.E. was expecting a fee or commission from Hyatt in connection with the deal, which Coco reaffirmed in a letter he sent to Evanoff upon his return to Italy. (Id.)

In July 1999, the planned joint venture between Newpenny and Hyatt failed because Newpenny could not meet its funding obligations. (Id. ¶ 10.) Subsequently, Newpenny let its option to purchase the real estate lapse. (Id.)

Thereafter, Hyatt, without any assistance or participation from Coco or A.T.E., reached an independent purchase agreement with the real estate's owner. (Id.) Hyatt purchased the Via Tomasso Grossi property in the fall of 1999. (Id.)

On September 7, 1999, Coco faxed a letter to Evanoff, demanding a $330,000.00 fee for introducing Hyatt to the project and for the "introductory" work he claimed to have performed on it. (Id. ¶ 11.) Evanoff told Coco that Hyatt had not solicited his or A.T.E.'s services and had not agreed either orally or in writing to pay any kind of fee to either. (Id.)

In late September 1999, Coco again asked Evanoff for a fee. (Id. ¶ 12.) In response, Evanoff reminded Coco that he had previously assured Evanoff that neither he nor A.T.E. expected any payment from Hyatt. (Id.)

In October 1999, Coco again asked Evanoff for a fee, this time in the sum of one million dollars. (Id. ¶ 13). Coco reiterated this request in a February 18, 2000 letter. (Id. ¶ 14.)

On March 2, 2000, Hyatt's attorneys faxed a letter to Coco rejecting any claims asserted against Hyatt by Coco or A.T.E. (Id.)

## Discussion

In essence, defendants assert that Hyatt breached an agreement to pay them a commission or fee in connection with the Via Tomasso Grossi real estate project. One of the basic tenets of contract law is that a contract requires both offer and acceptance. E.B. Harper & Co. Inc. v. Nortek, Inc., 104 F.3d 913, 919 (7th Cir. 1997).[1] The undisputed facts establish that neither of those elements is present here.

At no time during their brief relationship did defendants offer to involve Hyatt in the real estate deal for a fee. On the contrary, Coco explicitly said that he represented Newpenny, that A.T.E. would act as a co-developer on the project and that neither he nor A.T.E. was seeking any sort of

---

[1] Absent any objection from defendants, the Court accepts Hyatt's assertion that Illinois law applies to this dispute.

compensation from Hyatt. (Pls.' LR 56.1(a)(3) Stmt. ¶¶ 6-9.) Even if Coco had made such an offer, there is no evidence to suggest that Hyatt accepted it. In fact, the record establishes that the reverse is true, that Hyatt never agreed to pay Coco or A.T.E. any sort of compensation in connection with this deal. (Id. ¶¶ 6, 11-12, 15.) Moreover, after the Newpenny deal fell apart, Hyatt negotiated for and ultimately purchased the property without any assistance from Coco or A.T.E. (Id. ¶ 10.) Because the record does not establish that defendants offered to perform services for Hyatt or that Hyatt accepted such an offer, defendants do not have a valid contract claim against plaintiffs for any fee or commission in connection with the Via Tomasso Grossi real estate deal.

Moreover, even if the parties had formed such a contract, it would be contrary to Illinois public policy. Illinois public policy, as embodied in the Real Estate License Act of 2000, requires individuals and companies that act as real estate brokers to have "a properly issued sponsor card or a license issued ... by the [Office of Banks and Real Estate] ...." 225 ILL. COMP. STAT. 454/5-15(a). As used in the Act, the term "real estate broker" includes an individual or company "who for another and for compensation, or with the intention or expectation of receiving compensation," buys or sells real estate, negotiates or agrees to negotiate such purchases or sales, "[a]ssists or directs in procuring or referring of prospects, intended to result in the sale ... of real estate" or "[a]ssists or directs in the negotiation of any transaction intended to result in the sale ... of real estate." 225 ILL. COMP. STAT. 454/1-10. The term "real estate" means any interest in land regardless of where it is situated. Id. The term "compensation" includes commissions, referral fees and finders fees. Id. The Act forbids the payment of compensation "to any unlicensed person in exchange for the person performing licensed activities in violation of this Act." 454 ILL. COMP. STAT. 454/10-15(a).

It is undisputed that defendants are not licensed Illinois real estate brokers. (Pls.' LR 56.1(a)(3) Stmt. ¶ 15). Consequently, even if they had provided brokerage services to Hyatt, Illinois law would forbid defendants from demanding payment for them.

In short, the record establishes that defendants are not entitled to recover any sort of compensation from plaintiffs for any work they claim to have performed on plaintiffs' behalf in connection with plaintiffs' purchase of the Via Tomasso Grossi property. Consequently, plaintiffs' motion for summary judgment is granted.

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact and plaintiffs are entitled to judgment as a matter of law on their claim for declaratory relief. Plaintiffs' motion for summary judgment is, therefore, granted. The Court hereby enters judgment declaring that plaintiffs are not obligated to pay defendants any commission, fee or other compensation for any service defendants claim to have performed for them in connection with plaintiffs' failed attempt to purchase the Via Tomasso Grossi property with Newpenny Properties, Ltd. or their subsequent successful purchase of that property for their own account.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

**DATED:** 11-6-03